**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CHAD CONRAD, On Behalf of himself and All Others Similarly Situated,

Plaintiff,

v

BOIRON, INC., BOIRON USA, INC.,

Defendants.

Case No. 1:13-cv-7903

CLASS ACTION

**JURY TRIAL DEMANDED**

# CLASS ACTION COMPLAINT

Plaintiff Chad Conrad ("Plaintiff"), by and through his attorneys, brings this action on behalf of himself and all other similarly situated Illinois residents and residents of states with Consumer Fraud Laws similar to that of Illinois under the facts particular to this case, against Defendants Boiron Inc., and Boiron USA, Inc. (collectively "Boiron" or "Defendants"), and alleges as follows:

## NATURE OF ACTION

1. Since at least the three years prior to the filing of the original complaint in this action and to the present (the "relevant time period"), Defendants have manufactured, marketed, sold and distributed Oscillococcinum (the "Product" or "Oscillo"). During the relevant time period, through uniform nationwide representations made on the packaging of the Product, Defendants have and continue to urge consumers to "Take Oscillo at the First Sign of Flu-Symptoms!", that Oscillo Product "Temporarily relieves flu-like symptoms such as run-down feeling, headache, body aches, chills and fever" (hereafter "flu-symptoms"), and that its sole active ingredient reduces "the duration and severity of flu-like symptoms". The Product's packaging states that it is for "Adults" and for "children 2 years of age and older."

2. Defendants' Oscillo does not provide relief of flu-symptoms. Clinical cause and effect studies have shown that the sole "active" ingredient in Oscillo, Anas Barbariae Hepatis et Cordis extractum 200K ("Anas Barbariae"), does not work as represented by Defendants and, in particular, it does not temporarily relieve flu-symptoms. Furthermore, as discussed herein, the process by which Defendants make Oscillo results in the Anas Barbaraie being diluted to such a degree that even if it were effective in relieving flu symptoms – which it is not – the odds of even a molecule of Anas Barbariae extract being in a dose of Oscillo is mathematically impossible. In fact, chemical analyses performed on Oscillo samples, have shown that there is not one molecule of the purported active ingredient in Oscillo and that Oscillo is a sugar pill. Thus, Oscillo is, unbeknownst to consumers, essentially sugar.

3. As a result of the foregoing, Defendants' representations are false, misleading, and deceptive.

4. Despite the deceptive nature of Defendants' representations, Defendants conveyed and continue to convey their deceptive temporary relief of flu-symptoms representations through a variety of media (including their website and online promotional materials) and, most important, uniformly at the point of purchase on their Product packages and labeling. Further, the only reason that any consumer would purchase Oscillo is to obtain flu-relief health benefits, which Oscillo does not provide.

5. As a result of Defendants' deceptive representations, consumers - including Plaintiff and other members of the proposed Class - have purchased and future consumers will continue to purchase a product that do not perform as advertised.

6. Plaintiff brings this action on behalf of himself and all other similarly situated Illinois residents and residents of states with Consumer Fraud Laws similar to that of Illinois under the facts particular to this case, who purchased the Product, to halt the dissemination of this false and misleading advertising message, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for

those who have purchased Oscillo.[1] Plaintiff alleges violations of the Illinois Consumer Fraud Act, 815 Ill. Comp. Stat. 502/1, *et seq.*

**JURISDICTION AND VENUE**

7. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and the members of the Class are citizens of a state different from Defendants. In addition to any damages that might be recoverable, based on information and belief, Plaintiff alleges that the $5 million jurisdictional minimum requirement is met in this case because within the last year a spokesperson for Defendants publicly stated that the cost of injunctive labeling relief alone could exceed $7 million.

8. This Court has personal jurisdiction over Defendants because Defendants are authorized to do and do conduct business in Illinois. Defendants have marketed, promoted, distributed, and sold Oscillo in Illinois, and Defendants have sufficient minimum contacts with this State and/or sufficiently avail themselves of the markets in this State through their promotion, sales, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b)

[1]While discovery may alter the following, Plaintiff preliminarily avers that the other states with similar consumer fraud laws under the facts of this case include, but are not limited to: Arkansas (Ark. Code § 4-88-101, *et seq.*); California (Cal. Bus. & Prof. Code §§ 17200, 17500 and Civ. Code § 1750); Colorado (Colo. Rev. Stat. § 6-1-101, et seq.); Connecticut (Conn. Gen. Stat. § 42-110, *et seq.*); Delaware (Del. Code tit. 6, § 2511, *et seq.*); District of Columbia (D.C. Code § 28-3901, *et seq.*); Florida (Fla. Stat. § 501.201, *et seq.*); Georgia (GA Code § 10-1-390 *et seq*.); Hawaii (Haw. Rev. Stat. § 480-1, *et seq.*); Idaho (Idaho Code § 48-601, *et seq.*); Maine (Me. Rev. Stat. tit. 5 § 205-A, *et seq.*); Massachusetts (Mass. Gen. Laws Ch. 93A, *et seq.* ); Michigan (Mich. Comp. Laws § 445.901, *et seq.*); Minnesota (Minn. Stat. § 325F.67, *et seq.*); Missouri (Mo. Rev. Stat. § 407.010, *et seq.*); Montana (Mo. Code. § 30-14-101, *et seq.*); Nebraska (Neb. Rev. Stat. § 59-1601, *et seq.*); Nevada (Nev. Rev. Stat. § 598.0915, *et seq,*); New Hampshire (N.H. Rev. Stat. § 358-A:1, *et seq.*); New Jersey (N.J. Stat. § 56:8-1, *et seq.*); New Mexico (N.M. Stat. § 57-12-1, *et seq.*); New York (N.Y. Gen. Bus. Law § 349,*et seq.*); North Dakota (N.D. Cent. Code § 51-15-01, *et seq.*); Oklahoma (Okla. Stat. tit. 15, § 751, *et seq.*); Oregon (Or. Rev. Stat. § 646.605, *et seq.*); Rhode Island (R.I. Gen. Laws § 6-13.1-1, *et seq.*); South Dakota (S.D. Code Laws § 37-24-1, *et seq.*); Texas (Tex. Bus. & Com. Code § 17.41, *et seq.*); Virginia (VA Code § 59.1-196, *et seq.*); Vermont (Vt. Stat. tit. 9, § 2451, *et seq.*); Washington (Wash. Rev. Code § 19.86.010, *et seq.*); West Virginia (W. Va. Code § 46A-6-101, *et seq.*); and Wisconsin (Wis. Stat. § 100.18, *et seq.*).

because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while she resided in this judicial district. Venue is also proper under 18 U.S.C. § 1965(a) because Defendants transact substantial business in this District.

## PARTIES

10. Plaintiff Chad Conrad is a citizen of Illinois and resides in Cook County, Illinois. In late July 2013, Mr. Conrad purchased Defendant's Oscillo product at a Walgreens in Chicago, Illinois and paid approximately $20. Plaintiff Conrad was exposed to and saw Defendants' representations by reading them on the packaging of Defendants' Oscillo Product and purchased and paid for Oscillo. At the time that he purchased Defendants' Product, Plaintiff was deceived in some manner by Defendants in that he believed: (1) that Defendants' Product would provide him some or all of the benefits represented by Defendants on the packaging; and (2) was proven to be and was effective with respect to the representations made on the packaging – that the Product would help to temporarily relieve flu-like symptoms. The Product Plaintiff purchased was not proven to be effective, did not and, in fact, could not provide the represented health benefits Defendants represented it would. Had Plaintiff known the truth about Defendants' misrepresentations and omissions, including that the scientific evidence demonstrated that this Product was not effective as represented by Defendants, Plaintiff would not have purchased Defendants' Product. As a result, Plaintiff was deceived in some manner into purchasing the Product and suffered injury in fact and lost money.

11. On information and belief, Plaintiff avers that Defendant Boiron, Inc. is a Pennsylvania corporation. Boiron Inc.'s principal place of business is located in Pennsylvania.

12. On information and belief, Plaintiff avers that Defendant Boiron USA, Inc. is a Pennsylvania corporation. Boiron USA, Inc.'s principal place of business is located in Pennsylvania.

**FACTUAL ALLEGATIONS**

13. Defendants have and continue to manufacture, distribute, market, and sell Oscillo for the relief of flu-symptoms.

14. Oscillo is sold nationwide throughout a variety of retail outlets ranging from drugstores such as the CVS chain to grocery stores such as Whole Foods. Oscillo is available in 6, 12 or 30 dosages and sells for between $12 and $20. The following is a screen shot of an exemplar of Oscillo packages:

15. Throughout the relevant time period and to the present, Defendants have consistently conveyed the message to consumers throughout Illinois and the United States that Oscillo will temporarily relieve flu-symptoms and reduce the duration and severity of flu-like symptoms simply by taking the recommended 3 doses of Oscillo every twenty-four hours. Defendants' representations are false, misleading and deceptive.

16. Defendants represent on Oscillo packaging that the claimed health benefits are achieved through the one purported active ingredient in Oscillo – "Anas Barbariae". For example, directly to the right of where Anas Barbariae is listed a column on the packaging states, "PURPOSE – To reduce the duration and severity of flu-like symptoms." Anas Barbariae is an extract taken from the heart and liver of a duck. Apart

from the fact that the clinical research and analyses demonstrate that Oscillo and its sole active ingredient, Anas Barbaraie, does not work as Defendants represent and there is no clinically based reason to recommend the use of this Product for the relief of flu-symptoms, Defendants know, but fail to disclose to consumers, that a dose of Oscillo is in reality a dose of sugar and nothing else.

17. In the process of making Oscillo, Defendants subject this extract through a series of 200 dilutions such that even if Anas Barbariae were proven to be effective in the treatment of flu-symptoms – which it is not – the Anas Barbariae in Oscillo is so diluted that the odds of even one molecule of the original Anas Barbariae extract being in a dose of Oscillo is a mathematical impossibility, which chemical analyses bear out.

18. Thus, Defendants essentially drop a solution of water on lactose and sucrose (the two listed inactive ingredients) and market and sell it as a flu remedy. In short, Defendants manufacture, market and sell sugar as a flu-remedy.

19. Furthermore, the Product cannot work as represented by Defendants and provide relief of flu-symptoms, because it is essentially sugar. Thus, it comes as no surprise that clinical cause and effect studies have found that Oscillo does not work as Defendants represent and no better than a placebo, because Defendant is effectively selling a placebo.

20. Nevertheless, Defendants, with full knowledge of the dilution process that they use to prepare the Anas Barbaraie in their Oscillo Product and in the face of the negative studies and scientific analyses indicating that Oscillo does not work as Defendants represent and knowing full well that the Product is effectively sugar, Defendants prominently represent on the Product's packaging and labeling that Oscillo temporarily relieves and reduces the duration and severity of flu-like symptoms. Front, back and top shots of a representative Oscillo product label appears as follows:

Front

Back

Top

21. Thus, Defendants' representations about Oscillo are false, misleading and deceptive.

***The impact of Defendants' wrongful conduct***

22. Despite the fact that Oscillo is nothing more than sugar and water and despite the existence of clinical studies and scientific analyses that have concluded that there is no causative link between Oscillo or its active ingredient in relieving flu symptoms, Defendants continue to unequivocally claim that Oscillo temporarily relieves flu-symptoms and reduces the duration and severity of flu symptoms for adults and children above the age of 2.

23. As the manufacturers and distributors of Oscillo, Defendants possess specialized knowledge regarding the content and effects of the ingredients contained in Oscillo and are in a superior position to learn of the composition of Oscillo and the effects or lack thereof—Oscillo has on consumers.

24. Specifically, Defendants affirmatively misrepresented that Oscillo relieves flu-like symptoms. Having made these affirmative misrepresentations, Defendants failed to disclose what they knew: (1) Oscillo is essentially sugar; and (2) clinical cause-and-effect studies have shown that neither Oscillo nor its sole active ingredient provide the health benefits represented by Defendants. Notwithstanding these deceptive representations and material omissions, Defendants conveyed and continue to convey a uniform message: Oscillo provides relief of flu symptoms.

25. Plaintiff and Class members have been and will continue to be deceived or misled by Defendants' deceptive representations. The Product's sole purported purpose is to provide relief of flu symptoms. Thus, the only purpose behind purchasing said Product would be to obtain relief of flu-like symptoms. There is no other reason for Plaintiff or the Class to have purchased the Product and Plaintiff and the Class would not have purchased the Product had they known Defendants' representations were false and misleading. Thus, Defendants' representations and omissions necessarily deceived

Plaintiff and the Class in some manner and said deception was a proximate cause of Plaintiff and the Class' injuries.

26. As a result, Plaintiff and the Class members have been damaged in their purchases of Oscillo in that they were deceived in some manner into purchasing Defendants' Product.

27. Defendants, by contrast, reaped enormous profits from their false marketing and sale of this Product.

**CLASS ALLEGATIONS**

28. Plaintiff brings this action on behalf of himself and all other similarly situated Class members pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

> **Multi-State Class Action**[2]
>
> All persons who, within the applicable statute of limitations, purchased Oscillococcinum in Illinois and states with similar laws,[3].
>
> Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers and directors, and those who purchased Oscillococcinum for the purpose of resale.

29. In the alternative, Plaintiff brings this action on behalf of himself and all other similarly situated Illinois residents pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

> **Illinois Class Action**[4]
>
> All Illinois residents who, within the applicable statute of limitations, purchased Oscillococcinum.
>
> Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers and directors, and those who

[2] This class is sought only if the final approval of the *Gallucci* settlement is overturned.
[3] See footnote 3 for the preliminary listing of said states.
[4] This class is sought only if the final approval of the *Gallucci* settlement is overturned.

purchased Osscillococcinum for the purpose of resale.

30. In the alternative, Plaintiff brings this action on behalf of himself and all other similarly situated Class members pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

**Post July 27, 2012**
**Multi-State Class Action**

All persons who since July 28, 2012, purchased Oscillococcinum in Illinois and states with similar laws.[5]

Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers and directors, and those who purchased Oscillococcinum for the purpose of resale.

31. In the alternative, Plaintiff brings this action on behalf of himself and all other similarly situated Illinois residents pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

**Post July 27, 2012**
**Illinois Class Action**

All Illinois residents who since July 28, 2012 purchased Oscillococcinum.

Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers and directors, and those who purchased Osscillococcinum for the purpose of resale.

32. Members of the Class are so numerous and geographically dispersed that joinder of all Class members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains many thousands of members. The precise number of Class members is unknown to Plaintiff.

33. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members. The common

[5] See footnote 3 for the preliminary listing of said states.

legal and factual questions include, but are not limited to, the following:

- Whether the representations discussed herein that Defendants made about their Product were or are misleading, or likely to deceive;
- Whether Plaintiff and the Class members were deceived in some manner by Defendants' representations;
- Whether the alleged conduct constitutes violations of the laws asserted herein;
- Whether Plaintiff and Class members have been injured and the proper measure of their losses as a result of those injuries; and
- Whether Plaintiff and Class members are entitled to an award of compensatory/actual damages.

34. The claims asserted by Plaintiff in this action are typical of the claims of the members of the Class, as the claims arise from the same course of conduct by Defendants and the relief sought is common. Plaintiff and Class members suffered injury and damages caused by their purchase of Oscillo manufactured, marketed, distributed and sold by Defendants.

35. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel competent and experienced in both consumer protection and class litigation.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. It would thus be virtually impossible for the members of the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.

Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

37. In the alternative, the Class also may be certified because Defendants have acted or refused to act on grounds generally applicable to the Class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

38. Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described, and requiring Defendants to provide full restitution to Plaintiff and Class members. Unless a Class is certified, Defendants will retain monies received as a result of their conduct that were taken from Plaintiff and Class members. Unless a Class-wide injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

39. In the alternative, Plaintiff seeks preliminary and permanent injunctive and equitable relief pursuant to 815 ILCS 505/10(a)(c) to enjoin and prevent Defendants from engaging in the acts described herein.

**COUNT I**

**Violation of the Illinois Consumer Fraud Act**

40. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

41. In Illinois, the "Consumer Fraud and Deceptive Business Practices Act" 815 Ill. Comp. Stat. 502/1, *et seq*. ("the Act"), like the consumer fraud acts of numerous other states across the nation, prohibits deceptive acts and practices in the sale of such

products as Defendants' Oscillo.

42. Plaintiff and the Class were injured by Defendants' deceptive misrepresentations, concealments and omissions and these misrepresentations, concealments and omissions were material and deceived Plaintiff and the Class.

43. Defendants do business in Illinois, sell and distribute their Oscillo Product in Illinois, and engaged in deceptive acts and practices in connection with the sale of their Oscillo Product in Illinois and elsewhere in the United States.

44. Defendants' Product purchased by Plaintiff and the Class were "consumer items" as that term is defined under the Act.

45. Defendants misrepresented and deceptively concealed, suppressed and/or omitted the material information known to Defendants as set forth above concerning their Oscillo Product, which has caused damage and injury to Plaintiff and the Class.

46. Defendants' deceptive acts occurred in a course of conduct involving trade and commerce in Illinois and throughout the United States.

47. Defendants' deceptive acts proximately caused actual injury and damage to Plaintiff and the Class.

48. Defendants intended Plaintiff and all Class members to rely on its deceptive acts.

49. The conduct of the Defendants constituted a consumer fraud under the Illinois Consumer Fraud Act and similar laws in other states.

**WHEREFORE**, Plaintiff and the Class pray as follows:

a. That the Court enter an order certifying this action as a class action—either as a multi-state class or, in the alternative, as an Illinois class;

b. That the Court enter an Order against Defendants awarding to Plaintiff and the Class compensatory/actual damages and such other monetary relief as the Court deems appropriate;

c. That the Court enter an order granting declaratory and injunctive relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful practices as set forth herein;

d. Attorneys' fees, expert fees and costs; and

e. Such other and further relief as the Court deems just and proper.

DATED: November 4, 2013                    By:   s/Stewart M. Weltman

**STEWART M. WELTMAN LLC**
Stewart M. Weltman
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone:  312-588-5033
(Of Counsel Levin Fishbein Sedran & Berman)

Of Counsel:

**LEVIN, FISHBEIN, SEDRAN & BERMAN**
Howard J. Sedran (A*dmitted pro hac vice*)
Keith Verrier (*Admitted pro hac vice*)
510 Walnut Street
Philadelphia, Pennsylvania 19106
Telephone: 215-592-1500

**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.**
Elaine A. Ryan
Patricia N. Syverson
Lindsey M. Gomez Gray
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: 602-274-1100

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
MANFRED MUECKE
600 West Broadway, Suite 900
San Diego, California 92101
Telephone:   (619) 756-6978

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.470.6588

Attorneys for Plaintiff

4845-3272-9878, v. 1