IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHAD CONRAD, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) ) ) | No. 13 C 7903 |
| v. | ) ) | |
| BOIRON, INC., and BOIRON USA, INC., | ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This putative class action is one of a number of class actions that have been filed alleging that defendants (collectively "Boiron") sold a homeopathic drug called Oscilloccinum ("Oscillo") by falsely claiming it would relieve flu-like symptoms. The principal allegation in all these cases has been that Oscillo is nothing more than a sugar pill because its active ingredient, Anas Barbariae (a combination of duck hearts and livers) is diluted so extensively in the homeopathic manufacturing process that there is no statistical possibility that even a single molecule of it remains in the final product.

Several cases were filed against Boiron in California courts in 2010 and 2011.  *See, e.g., Delarosa v Boiron, Inc., et al.*, No. 8:10-cv-01569 (C.D. Cal.) ("*Delarosa*"); *Gonzales v. Boiron, Inc., et al.*, No. 11-cv-02066-JAH (S.D. Cal.); *Gallucci v. Boiron, Inc.*, No. 11-cv-02039-JAH (S.D. Cal.) ("*Gallucci*").

Plaintiff's counsel and Boiron's counsel engaged in negotiations in several of these cases.  A nationwide settlement, covering not only Oscillo but other homeopathic drugs sold by Boiron, was eventually reached in the *Gallucci* case and then later approved, over objections, by the district court in the Southern District of California.

The settlement establishes a $5 million class fund from which consumers can seek refunds.  It also includes injunctive relief requiring Boiron to add two disclaimers to its drug labels which according to Boiron emphasize the homeopathic nature of the products.  Boiron also agreed to refund consumers who submitted certain documentation within 14 days of purchase. The settlement class consists of individuals who purchased the product on or before July 27, 2012, although the promised refund is still available to purchasers after that date, at least until the new label disclaimers are put into effect.

Some plaintiff's attorneys not involved in the case viewed the *Gallucci* nationwide settlement as inadequate. They have challenged it in two basic ways.

First, two opt-outs from the *Gallucci* class filed new Oscillo class actions seeking to represent purchasers after the July 27, 2012 cut-off date. One of these cases was filed in the Central District of California and seeks to represent a class of California purchasers of Oscillo. *Jovel v. Boiron, Inc.*, No. 11-cv-10803-SVW (Shx) (C.D. Cal. filed Dec. 29, 2011). The other was filed in the Northern District of Illinois and assigned to Judge Durkin. *Bohn v. Boiron, Inc.*, No. 11-cv-08704 (N.D. Ill. filed Dec. 7, 2011). Both cases make the same allegations about Oscillo, and how it is nothing more than a sugar pill, that were made in *Gallucci*.

In *Bohn*, Judge Durkin granted in part Boiron's motion to dismiss. (Dkt. 62.) He dismissed both the individual and class claims for injunctive relief because Bohn would face no future harm given that she alleged she would never purchase Oscillo again. (*Id.* at 5-6.) As for monetary damages, he held that Bohn could not represent a class of post-July 27, 2012 purchasers because she purchased the product between 2008 and 2011 and was therefore not an adequate class representative given that her claims were barred by the *Gallucci* settlement. (*Id.* at 11.) The end result was that Bohn was left only with an individual ICFA claim for monetary relief. (*Id.* at 21.) Since this claim only amounted to approximately $20, Boiron made an offer of judgment, which Bohn accepted.

Bohn's counsel then filed the present suit on behalf of Chad Conrad who had purchased Oscillo sometime in July 2013 – *i.e.* after the cut-off date for the *Gallucci* settlement. Conrad seeks to represent a nationwide class, or alternatively a class of Illinois purchasers, and seeks both monetary damages and injunctive relief. Jurisdiction is asserted based on the Class Action Fairness Act. 28 U.S.C. § 1332(d)(2).

The other challenge to the *Gallucci* settlement came from objector Henry Gonzales who filed an appeal to the Ninth Circuit. In his opening brief, Gonzales argues that the settlement is inadequate because (among other reasons) it does not provide full refunds to purchasers, the $5 million fund is too small, and the injunctive relief does not require Boiron to stop selling the products or to reformulate them. This appeal was filed in September 2011 and was fully briefed as of September 13, 2013. According to the docket, no oral argument date has been set.

In the present case, Boiron has filed a motion to dismiss or, in the alternative, to strike class action allegations or to stay. Boiron raises six arguments, some of which were also raised in *Bohn*: (i) the case is mooted because Boiron made a settlement offer before Conrad filed a class certification motion; (ii) Conrad has no standing to seek injunctive relief for himself or for the class

because he will not be purchasing Oscillo again; (iii) Conrad cannot litigate claims for monetary damages because Boiron is already voluntarily providing a refund under the *Gallucci* settlement; (iv) Conrad has failed to plead his ICFA fraud claim with sufficient specificity; (v) Conrad's suit is preempted by federal law; and (vi) this case should be stayed or transferred in the interest of judicial efficiency.

It makes sense to consider the latter argument first. Boiron asserts that the present case involves issues identical to those before the Ninth Circuit. Boiron requests a stay or a transfer of this case to the Southern District of California, where the *Gallucci* case was filed, pursuant to 28 U.S.C. § 1404. It argues that a stay or transfer would streamline the resolution of the claims, avoid unnecessary waste of judicial resources, and avoid the risk of overlapping rulings on the same claims by different courts. It further argues that where two class action lawsuits overlap, the later-filed case should be transferred to the earlier case for consolidation.

In response, plaintiff Conrad argues that the resolution of the *Gallucci* appeal will not affect his claims because that settlement still allows Boiron to continue making the key representation that Oscillo relieves flu-like symptoms. Plaintiff also argues that a transfer is not possible under 28 U.S.C. § 1404(a)

because there is no venue in the Southern District of California given that plaintiff is not a citizen or resident there, neither of the Boiron defendants are headquartered there, and none of the acts complained of occurred there. (Pl. Resp. at 17.) He also notes that the *Gallucci* case was terminated by the District Court on October 31, 2012 so that no case is now pending there.

In its reply brief, Boiron does not fully explain how venue would be proper in the Southern District of California nor does it address the assertion that there is no case currently pending. At this point, a transfer under § 1404(a) is not justified. However, the request for a stay is justified for the reasons explained below.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." **Landis v. North Am. Co.**, 299 U.S. 248, 254 (1936); **see also Clinton v. Jones**, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); **Trippe Mfg. Co. v. Am. Power Conversion Corp.**, 46 F.3d 624, 629 (7th Cir. 1995) ("[a] district court has 'an ample degree of discretion' in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation").

In deciding whether to grant a stay under this inherent power, courts in this Circuit typically consider three factors: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and the court." ***Pfizer Inc. v. Apotex Inc.***, 640 F.Supp.2d 1006, 1007 (N.D. Ill. 2009); ***Joao Bock Transaction Systems, LLC v. First Nat'l Bank***, 2013 WL 4840240 (N.D. Ill. Sept. 10, 2013) (applying these three factors and granting a stay); ***Tapp Pharmaceutical Products, Inc. v. Atrix Laboratories, Inc.***, 2004 WL 422697, *2 (N.D. Ill. March 3, 2004) (granting a stay request because an anticipated ruling could "allow both parties to conserve time and resources").

These factors favor granting the motion for a stay. First, a stay will not unduly prejudice plaintiff. The proposed stay will only be in place until the Ninth Circuit issues a ruling. While it is not possible to predict exactly when the Ninth Circuit will rule, the case is fully briefed and has been pending for over 15 months, which is the average time it takes the Ninth Circuit to issue a ruling according to the *Jovel* court. In addition, the *Jovel* case is ongoing. As plaintiff admits, that case covers the same substantive issues as here. Moreover, counsel

have agreed that any documents produced in *Jovel* or previously in *Gallucci* will be deemed to be produced in this case.

The second and third factors – whether a stay will simplify issues and whether it will reduce the burden of litigation – are similar and can be analyzed together. They also favor granting a stay.

The main point in contention is whether the Ninth Circuit's eventual ruling will affect the claims here. Objector Gonzales makes many of the same arguments plaintiff makes, asserting for example that the two label disclaimers required by the *Gallucci* settlement are insufficient because they do not address the main claim that Oscillo falsely claims to relieve flu-like symptoms.

Plaintiff argues that his claims will go forward regardless of how the Ninth Circuit rules. However, as Boiron points out, if the *Gallucci* settlement is overturned by the Ninth Circuit, the case would be remanded and would go forward in the district court, either to be litigated or perhaps settled with a new class that would likely subsume this case by covering purchasers after July 27, 2012. At that point, this Court could address whether to extend the stay until the conclusion of that case under the first-to-file doctrine. *See generally Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 838 (7th Cir. 1999) ("No mechanical rule governs the handling of overlapping cases. Judges sometimes stay

proceedings in the more recently filed case to allow the first to proceed; sometimes a stay permits the more comprehensive of the actions to go forward."). Even if the Ninth Circuit affirms, it is still possible that it will provide some guidance regarding the present claims here.

IT IS THEREFORE ORDERED that defendants' motion for a stay until the resolution of the *Gallucci* appeal [26] is granted; defendants' remaining grounds for dismissal [26] are denied without prejudice subject to re-filing later if warranted; the parties are ordered to submit a joint status report once the *Gallucci* appeal has been decided or no later than six months if no ruling has been made.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: JUNE 30, 2014