IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHAD CONRAD, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOIRON, INC. and BOIRON USA, INC., )<br>)<br>Defendants. ) | No. 13 C 7903 |

# **OPINION AND ORDER**

This putative class action is one of a number of class actions that have been filed alleging that defendants (collectively "Boiron") sold a homeopathic drug called Oscilloccinum ("Oscillo") by falsely claiming it would relieve flu-like symptoms. The principal allegation in all these cases has been that Oscillo is nothing more than a sugar pill because its active ingredient, Anas Barbariae (a combination of duck hearts and livers) is diluted so extensively in the homeopathic manufacturing process that there is no statistical possibility that even a single molecule of it remains in the final product. Named plaintiff Chad Conrad seeks to represent a class of persons who purchased Oscillo on or after July 28, 2012. On behalf of the class, Conrad seeks both damages and injunctive relief.

The putative class would included purchasers in Illinois and other states that have similar consumer fraud laws. Alternatively, the class would be limited to Illinois purchasers. The one claim is stated to be pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 502.

Similar allegations regarding Oscillo have previously been raised in other actions, including a case in the Southern District of California that resulted in a class settlement that was affirmed on appeal. *See* ***Gallucci v. Boiron, Inc.***, 2012 WL 5359485 (S.D. Cal. Oct. 31, 2012), *aff'd sub nom.*, ***Gallucci v. Gonzales***, 603 F. App'x 533 (9th Cir. 2015). The ***Gallucci*** settlement provided reimbursements for past purchasers of Oscillo, required changes to the labeling, and set up a refund program under which future customers, such as the named plaintiff in the case *sub judice*, can obtain refunds within 14 days of purchasing Oscillo. Though the refund program potentially could have benefitted Conrad, he is not a member of the ***Gallucci*** class since he purchased Oscillo outside the class period of the settlement.

Subsequent to the ***Gallucci*** settlement, class certification has been denied in two other Oscillo cases. In ***Bohn v. Boiron, Inc.***, 2013 WL 3975126 (N.D. Ill. Aug. 1, 2013), class certification was denied on the ground that Bohn

lacked standing to pursue injunctive relief and could not represent a post-*Gallucci* damages class because, although she opted out of the *Gallucci* settlement, she had purchased Oscillo within the *Gallucci* class period. Bohn was permitted to pursue her individual damages claim. In *Jovel v. Boiron, Inc.*, 2014 WL 1027874 (C.D. Cal. Feb. 27, 2014), class certification was denied on the ground that Jovel was not an adequate class representative in that he lacked credibility on material issues.

The present case was stayed pending resolution of challenges to the *Gallucci* settlement. See *Conrad v. Boiron, Inc.*, 2014 WL 2937021 (N.D. Ill. June 30, 2014). Following the Ninth Circuit's affirmance, defendants again move to dismiss this action or, alternatively, to strike the class allegations. Defendants argue that (a) Conrad lacks standing to pursue injunctive relief on behalf of himself or the class; (b) Conrad's individual claim is moot and he is an inadequate class representative because defendants have an existing refund program; (c) the ICFA claim is not adequately alleged; (d) this case is inappropriate for classwide resolution; (e) plaintiff's claim is preempted by the Food, Drug, and Cosmetic Act ("FDCA") or the court should defer to the primary jurisdiction of the Food and Drug Administration ("FDA"); and (f) Conrad's individual claim is moot because defendants offered him complete relief prior to the filing of the present action.

The jurisdictional issues of standing and mootness will be considered first. This aspect of defendants' motion is a Rule 12(b)(1) motion on which factual disputes could be resolved. Defendants, however, rely only on the allegations of the Amended Complaint and facts that can be taken by judicial notice. All facts alleged in the Amended Complaint are accepted as true and all reasonable inferences are to be drawn in plaintiff's favor. *See* ***Scanlan v. Eisenberg***, 669 F.3d 838, 841 (7th Cir. 2012); ***Bohn***, 2013 WL 3975126 at *2; ***Lardas v. Drcic***, 2015 WL 444321 *1 (N.D. Ill., Jan. 29, 2015); ***Nordahl v. Life Ins. Co. of N. Am.***, 2010 WL 3893833 *1 (Sept. 24, 2010).

Defendants contend that plaintiff lacks standing to seek future injunctive relief because there is no allegation that he intends to buy Oscillo in the future. The usual rule is that a person who is not likely to be subjected to the same harm again lacks standing to pursue injunctive relief, even if it is a putative class action and putative class members could face such harm in the future. ***City of Los Angeles v. Lyons***, 461 U.S. 95, 102 (1983); ***O'Shea v. Littleton***, 414 U.S. 488, 495 (1974); ***Camasta v. Jos. A Bank Clothiers, Inc.***, 761 F.3d 732, 740 (7th Cir. 2014); ***Bohn***, 2013 WL 3975126 at *3. There must be at least a substantial risk of

future harm to the named plaintiff. *Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688, 693 (7th Cir. 2015).

Plaintiff does not contend that he is presently at risk of future harm nor that he was at the time he filed this case. At the time the case was filed, he was already well aware of the alleged inefficacy of Oscillo. Instead, plaintiff contends that the ICFA confers standing for injunctive relief as long as there as a valid claim for damages. *See* 815 ILCS 505/10a(c) ("Except as provided in subsections (f), (g), and (h) of this Section, in any action brought by a person under this Section, the Court may grant injunctive relief where appropriate . . . ."). A state statute, however, cannot confer Constitutional standing when the plaintiff has not suffered the requisite harm. *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2667 (2013); *Bohn*, 2013 WL 3975126 at *3-4; *Ibarrola v. Kind, LLC*, 2014 WL 3509790 *3 (N.D. Ill. July 14, 2014); *Robainas v. Metro. Life Ins. Co.*, 2015 WL 5918200 (S.D.N.Y. Oct. 9, 2015); *Jones v. ConAgra Foods, Inc.*, 2014 WL 2702726 *13 (N.D. Cal. June 13, 2014) (quoting *Garrison v. Whole Foods Mkt.*

*Grp., Inc.*, 2014 WL 2451290 *5 (N.D. Cal. June 2, 2014)).**¹** Plaintiff's claim for injunctive relief will be dismissed without prejudice for lack of standing.

For two reasons, defendants contend Conrad's claim for damages is moot. Prior to Conrad filing the present action, Conrad considered attempting to be substituted in as the named plaintiff in the *Bohn* case (No. 11 C 8704 (N.D. Ill.)). This apparently would have been sometime after the August 1, 2013 ruling in *Bohn* and prior to defendants' November 1, 2013 offer to Conrad that was labeled as a Rule 68 offer of judgment.**²** The present case was filed on

---

**¹**Conrad cites *Conrad v. Nutramax Labs., Inc.*, 2013 WL 5288152 *3 (N.D. Ill. Sept. 18, 2013). In ruling on a Rule 12(b)(6) motion to dismiss, that case states that Illinois courts have construed the ICFA as requiring that there be actual damages in order to seek injunctive relief and that the named plaintiff in *Nutramax* (who is the same Chad Conrad that is the named plaintiff in the case *sub judice*) adequately alleged damages. It is further stated: "As such, the approximately $60.00 constitutes money damages suffered by Conrad, and the ICFA as interpreted by Illinois courts grants him the right to seek injunctive relief. The Court thus denies Nutramax's request to dismiss Conrad's prayer for this remedy." While *Nutramax*, at *2, considered a distinct standing issue on a Rule 12(b)(1) motion to dismiss, there is no indication that that case considered the jurisdictional issue of whether federal court standing for injunctive relief can be based on a state statute without otherwise satisfying the requirement for future harm. "In circumstances where a court assumes jurisdiction without addressing a jurisdictional issue, that assumption of jurisdiction is of limited precedential value." *Shawnee Trail Conservancy v. U.S. Dep't of Agric.*, 222 F.3d 383, 387 (7th Cir. 2000).

**²**There is no entry on the *Bohn* docket showing that a motion to substitute was filed. In the Amended Complaint in the present case, ECF [18]

- 7 -

November 4, 2013.  Regardless of whether the November 1 offer qualifies as a Rule 68 offer of judgment, Conrad does not dispute that it constitutes a valid offer to pay $25 plus reasonable attorney fees and costs, that the $25 offer exceeds his alleged actual damages of $20 spent purchasing Oscillo (Am. Compl. ¶ 17), or that the offer occurred prior to filing the present action.  In *Chapman v. First Index, Inc.*, 796 F.3d 783, 786-87 (7th Cir. 2015), the Seventh Circuit made clear that an unaccepted offer of settlement, even an offer equaling or exceeding the plaintiff's maximum recovery, does not moot a lawsuit and deprive a court of jurisdiction.  Nothing in *Chapman* supports defendants' contention that the jurisdictional effect is any different if the offer comes before the lawsuit is filed.  However, as noted in *Chapman*, 796 F.3d at 787, an outstanding offer of full compensation may have other nonjurisdictional consequences.

---

¶¶ 41-45, plaintiff alleges he" sought leave" to be substituted in as the class representative in the *Bohn* case, which was assigned to Judge Durkin.  Defendants also so aver in their current briefing.  Conrad further alleges that Judge Durkin requires that a party first contact the other side to determine if a motion is opposed.  Additionally,  Conrad alleges that defendants never responded prior to making the purported Rule 68 offer of judgment to Conrad even though Conrad was not a party to the *Bohn* case and had not yet filed the present case.  It appears that a motion for substitution was never formally raised in the *Bohn* case, though it is possible that it was mentioned or orally raised during an August 14, 2013 status hearing before Judge Durkin, which is the only court hearing in *Bohn* between August 1 and November 1, 2013.  Whether raised or not, it is clear that Conrad was never granted leave to be substituted into the *Bohn* case.

Defendants also contend that the refund program mandated by the *Gallucci* settlement moots the present case. In making that contention, defendants rely in large part on *In re Aqua Dots Prods. Liab. Litig.*, 654 F.3d 748, 750-52 (7th Cir. 2011). That case, however, does not hold that the existence of the refund program in that case mooted the named plaintiff's claim. It held that, in light of the named plaintiff's decision to pursue costly litigation instead of availing herself of the easily obtainable remedy under the refund program, she could not be found to be a fair and adequate class representative. *Id.* at 752. The refund program in the present case, though, may be distinguishable from the one in *Aqua Dots*. There was not, and apparently still is not, anything on the Oscillo packaging indicating the availability of the refund program. The existence of the refund program is found on the Oscillo website (www.oscillo.com) if one follows the "About Oscillo" link and the "Boiron Promise" sublink. The refund can be obtained if, within 14 days of purchase, the purchaser mails a request containing the purchaser's name, address, and telephone number; the original UPC from the product; and the original dated cash register receipt. Whether Conrad used the Oscillo he purchased within 14 days or knew of the refund procedure within

14 days of purchase are not facts presently before the court.³ But even assuming Conrad was unaware of the refund program until after the 14-day period expired, prior to filing the present case Conrad was offered $25 plus reasonable attorney fees and costs. That amount exceeds any refund he could have obtained as well as any actual damages that he suffered. In light of that situation, he cannot possibly be an adequate class representative of a damages class. Therefore, class certification will be denied and the claims of the putative class dismissed without prejudice.⁴ *See id.*

Having determined that the claim for injunctive relief will be dismissed without prejudice and class certification will be denied, it still must be determined

---

³The Amended Complaint alleges Conrad purchase the Oscillo in late July 2013. At the time he was already represented by counsel in another unrelated case and counsel had already been active in other Oscillo cases. Perhaps as early as August 1, 2013, counsel was already discussing with Conrad the possibility of being a named plaintiff in an Oscillo case. Counsel would have been aware of the refund program.

⁴When defendants attempt to "buy off" a class representative after a motion for class certification has been filed, an opportunity is provided to substitute in a new class representative. Here, however, the offer of a fully compensatory settlement of Conrad's individual damages claim was made before the case or a class certification motion was filed. *See* ***Greisz v. Household Bank (Ill.), N.A.***, 176 F.3d 1012, 1015 (7th Cir. 1999).

whether plaintiff may proceed with his individual claim for damages.[5] He never accepted the settlement offered to him and it is unclear whether that offer remains open. In *Greisz*, 176 F.3d at 1015, the Seventh Circuit stated that, having been offered a fully compensatory settlement, "[y]ou cannot persist in suing after you've won." *Chapman*, 796 F.3d at 787-88, indicates that, although not an issue of mootness, that may be the appropriate rule to apply if the offer remains open and the offer does actually provide full compensation; but *Chapman* leaves that issue for another day because the defendant in *Chapman* did not make such an argument and the offer of settlement did not remain open.

In the present case it is unclear whether the offer of settlement remains open. More importantly, just as in *Greisz*, the offer is not one of full relief. Although the offer fully compensates Conrad's individual damages claim, it asks for a complete judgment in return, depriving Conrad of the possibility of appealing the denial of injunctive relief and/or the denial of class certification. Therefore, the offer, even if it remains open, is not one of full compensation that might

---

[5]Although the class claims in this case are all being dismissed, absent the class allegations being frivolous (which is not contended), jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), continues, with some exceptions, even if class certification is denied. *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805 (7th Cir. 2010).

prevent Conrad from continuing to proceed with this suit. See **Greisz**, 176 F.3d at 1016 (*dictum*). The merits of plaintiff's individual claim must be addressed.

First, plaintiff adequately alleges the misrepresentations made and that they are false. See **Bohn**, 2013 WL 3975126 at *9-10. The ICFA claim will not be dismissed for failure to satisfy Fed. R. Civ. P. 9(b).

Defendants' other contention is that plaintiff's claim should be dismissed or deferred based on preemption by the FDCA or the primary jurisdiction of the FDA. It is held that preemption does not apply and this case is not appropriate for deferring to the FDA. **Delarosa v. Boiron, Inc.**, 818 F. Supp. 2d 1177, 1183-91 (C.D. Cal. 2011). *But compare* **Herazo v. Whole Food Market, Inc.**, 2015 WL 4514510 *4-5 (S.D. Fla. July 24, 2015).

Conrad's individual damages claim will not be dismissed. Prior to the next status hearing, the parties shall discuss the possibility of settlement.

IT IS THEREFORE ORDERED that defendants' motion to dismiss [55] is granted in part and denied in part. Plaintiff's motion for class certification [19] is denied. The claims of putative class members are dismissed without prejudice. Plaintiff's individual request for injunctive relief is denied without prejudice for

lack of subject matter jurisdiction.  A status hearing is set for November 19, 2015 at 2:00 p.m.

                ENTER:

                _____
                UNITED STATES DISTRICT JUDGE

DATED:  NOVEMBER  12, 2015